THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TAMMY BANDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 7:19CV826 |
| | ) |
| CITY OF SALEM, VIRGINIA | ) |
| Serve:  **Stephen M. Yost, Esquire** | ) |
| **Attorney for the City of Salem** | ) |
| **110 East 1ˢᵗ Street** | ) |
| **Salem, Virginia 24153** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Tammy Bandy files this complaint against defendant the City of Salem, Virginia (hereinafter, "defendant" or "City of Salem") and as grounds therefore states as follows:

## STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1)     This is a complaint to remedy violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621, *et seq.*, as amended.

(2)     The district court has jurisdiction over ADEA claims pursuant to 29 U.S.C. §§621, *et seq.* and 28 U.S.C. §1343.

(3)     Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission; exhausted all administrative procedures; received a notice of right to sue dated September 24, 2019; and files this complaint within ninety (90) days of receipt thereof.

(4)     Venue properly lies in the Roanoke Division of the Western District of Virginia in that all of the discriminatory acts alleged herein occurred in the western district of Virginia.

## PARTIES

(5)     Plaintiff is a citizen of the United States and a resident of the Commonwealth of Virginia.  She is 53 years of age.

(6)     Defendant the City of Salem is a municipal corporation organized pursuant to the laws of the Commonwealth of Virginia and doing business in the western district of Virginia and elsewhere.

(7)     At all times material hereto, the City of Salem employed approximately more than 300 persons and is a "person" and an "employer" and is engaged in an industry affecting commerce within the meaning of the ADEA, 29 U.S.C. § 630.

## FACTUAL ALLEGATIONS

(8)     At all times material hereto, plaintiff was employed by defendant and worked as a part-time box office assistant at the Salem Civic Center, an event venue owned and operated by the City of Salem (plaintiff is not certain of the precise legal name of her employer).

(9)     Plaintiff was and is an excellent employee and was often commended by defendant for her good work.

(10)     On January 7, 2019 (all dates are approximate) plaintiff applied for the available Booking Coordinator position with the Civic Center.

(11)     When plaintiff spoke with the Director of the Civic Center, Wendy Delano, plaintiff could tell that they already had another person in mind for the job.  Nevertheless plaintiff interviewed on February 8, 2019 with Director Delano, Assistant Director Hank Luton and Events Manager Chris Fischer.

(12)     On February 12, 2019, Director Delano called plaintiff to her office and told her that she did not get the job because she (1) had done the job before, (2) had proven to be a reliable

2

employee, (3) had shown that she could learn different computer programs since she had learned the Ticketmaster program at the civic center, (4) that defendant would not want to hire her for the job because she already worked there, and (5) that they had received 30 applications, only interviewed 6 persons including plaintiff, and plaintiff was only 1 of 4 persons with the proper skill set.  Plaintiff was dumfounded because those should have been reasons to hire her.

(13)     Two days later, Assistant Director Hank Luton came into the box office and told plaintiff that she had a great interview but that "we hired my wife's cousin" because "he is much, much younger (approximately 25 years of age) and more energetic," or similar words.  When plaintiff's jaw dropped, Luton got a deer in the headlights look and said, "oh, I mean he is fresh out of college with a degree in sports" or similar words, and walked away.

(14)     The job in question did not require a degree of any kind and plaintiff's experience was a plus (she had done the job before while doing several other jobs).  The job has nothing to do with sports and involves booking rooms in the civic center — all sporting events and concerts and anything in the concert arena are handled by the director or assistant director.

(15)     On April 23, 2019, when plaintiff told Director Delano that Assistant Director Luton stated that defendant had selected his wife's cousin because he was much younger, she stated, "to be honest with you, that was probably his honest answer, at least in his mind" and "I have no doubt in my mind that what he told you is how he felt," or similar words.

(16)     As a result of being passed over for the promotion on account of her age, plaintiff tendered her resignation on April 23, 2019.  Her last day of work was May 6, 2019.

(17)     At all times material hereto, defendant's employees named herein acted within the scope of their employment and in their capacity as employees of the City of Salem.

3

## CLAIM FOR AGE DISCRIMINATION

(18)    Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

(19)    The actions of defendant as described herein constitute harassment and discrimination with respect to the compensation, terms, privileges, or conditions of employment, because of plaintiff's age, in violation of the ADEA.

(20)    As a direct result, plaintiff has suffered and will continue to suffer loss of income and employment benefits, as well as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

(21)    Defendant acted willfully and with actual malice or with reckless disregard of the law in depriving plaintiff of employment opportunities because of her age, so as to support an award of liquidated and punitive damages.

WHEREFORE, plaintiff Tammy Bandy demands judgment against defendant the City of Salem, Virginia for equitable and injunctive relief, and compensatory and liquidated damages, including but not limited to front and back pay, with prejudgment interest, and attorney's fees and costs.

Trial by jury is demanded on all issues on which plaintiff is entitled to trial by jury including any question concerning whether plaintiff's claims must be submitted to arbitration.

Respectfully submitted,

TAMMY BANDY

By ___ */s/ Terry N. Grimes* ___
            Of Counsel

4

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
*Counsel for Plaintiff*